**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| Steven Hirsch Inc.,<br><br>        Plaintiff,<br><br>     v.<br><br>Commerce Media Holdings, LLC d/b/a Complex,<br><br>        Defendant. | Case No:<br><br><br>**COMPLAINT**<br><br><br>JURY TRIAL DEMANDED |

Plaintiff Steven Hirsch Inc. ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Commerce Media Holdings, LLC d/b/a Complex ("*Defendant*") states and alleges as follows:

**<u>INTRODUCTION</u>**

1.    This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2.    Steven Hirsch ("*Hirsch*") is an acclaimed New York-based photographer, artist, and photojournalist whose work has been published in numerous prominent publications, including *The New York Times*, *The Wall Street Journal*, *The Paris Review*, *Time*, *Wired*, *The Atlantic*, and *Vice*. Hirsch is the recipient of two New York Foundation for the Arts grants and has taught photography at renowned institutions including the International Center of Photography, New York University, Parsons School of Design, Pratt Institute, and the School of Visual Arts. His photographs have been exhibited and collected by leading cultural institutions, including The Museum of Modern Art (MoMA), the Library of Congress, the Bronx Museum, the Israel Museum, and the Bibliothèque Nationale de France. Hirsch derives income from the creation, licensing, publication, and authorized use of his original photographic works

3.    Hirsch created a photograph of American rapper Daniel Hernandez, known professionally as 6ix9ine, (the "*Photograph*") in which Plaintiff owns the rights and licenses for

1

various uses including online and print publications.

4.    Defendant is a media and entertainment company that publishes digital content relating to popular culture, music, fashion, sports, sneakers, and entertainment through the Complex brand and the website located at www.complex.com. Defendant acquired and now owns and operates the Complex media business and its related brands, websites, applications, advertising services, products, and technologies.

5.    Defendant conducts business throughout the United States and maintains ownership, operation, and control over the Complex brand and its associated digital media platforms. Defendant distributes and promotes its content through its website and social media channels, including the @complex account on X (formerly Twitter)(the "*Account*"), which serves as an official social-media presence for the Complex brand and is used to publish, display, and promote Complex content to the public.

6.    Upon information and belief, the content published through the Account is created, authorized, controlled, or distributed by Defendant and/or its agents acting within the scope of their authority.

7.    Defendant, without permission or authorization from Plaintiff, actively copied and displayed the Photograph on the Account and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

8.    Plaintiff is a New York corporation and maintains a principal place of business in Manhattan, New York.

9.    Defendant is a Delaware corporation with a principal place of business at 229 West 43rd Street, 9th Floor, New York City in Manhattan, New York and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

10.    This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

11.    This Court has personal jurisdiction over Defendant because it maintains its principal place of business in New York.

12.    Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

**FACTS COMMON TO ALL CLAIMS**

A.    **Plaintiff's Copyright Ownership**

13.    Plaintiff is a professional photography corporation by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

14.    Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

15.    Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

16.    Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

17.    Plaintiff regularly licenses Plaintiff's photographs to media outlets, brands, and commercial entities for a fee.

18.    On July 12, 2018, Hirsch first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

19.    Hirsch published the Photograph by commercially licensing it to Page Six for the purpose of display and/or public distribution.

20.    In creating the Photograph, Hirsch personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

21.    On September 21, 2018, the Photograph was registered by the USCO under Registration No. VA 2-120-576.

3

22.    Hirsch created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

23.    On January 26, 2024, Plaintiff acquired the rights in and to the Photograph from Hirsch by way of written assignment.

**B.    Defendant's Infringing Activity**

24.    Defendant is the registered owner of the Account and is responsible for its content.

25.    Defendant is the operator of the Account and is responsible for its content.

26.    The Account is a key component of Defendant's popular and lucrative commercial enterprise.

27.    The Account is monetized in that it promotes the business and, on information and belief, Defendant profits from these activities.

28.    Upon information and belief, Defendant is a sophisticated media company which owns a comprehensive portfolio of digital marketing platforms and has advanced operational and strategic expertise in the media industry where copyright is prevalent.

29.    Upon information and belief, Defendant's staff have significant experience in copyright matters and are familiar with specific journalistic practices including the need to ensure that images used in their articles have been properly licensed.

30.    Upon information and belief, Defendant knew or should have known that the Photograph was protected by copyright, including because the Photograph was of professional quality and distributed through commercial channels. Despite this, Defendant used the Photograph without seeking permission or obtaining a license.

31.    Upon information and belief, Defendant is an experienced digital publisher that regularly licenses and uses professional photography in connection with its commercial content.

32.    Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

4

33.     Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

34.     Upon information and belief, a number of copyright lawsuits have been filed against Defendant highlighting a pattern of habitual infringement and suggesting Defendant has either failed to rectify systemic issues leading to these infringements or is willfully neglecting copyright laws.

35.     Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

36.     On or about January 23, 2019, Defendant displayed the Photograph on the Account as part of a social media post at URL: https://twitter.com/Complex/status/1087962180727853064. A copy of a screengrab of the Account including the Photograph is attached hereto as Exhibit 2.

37.     The Photograph was stored at URL: https://pbs.twimg.com/media/Dxk3zf-WwAIytq4?format=jpg&name=small.

38.     Without permission or authorization from Plaintiff, Defendant volitionally copied and displayed Plaintiff's copyright protected Photograph on the Account.

39.     Plaintiff first observed the Infringement on April 11, 2024.

40.     Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph (hereinafter the unauthorized use set forth above is referred to as the "*Infringement*").

41.     The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

42.     The Infringement is an exact copy of Plaintiff's original image that was directly copied and displayed by Defendant on the Account.

43.     Upon information and belief, Defendant takes an active and pervasive role in the

content posted on its Account, including, but not limited to copying, posting, selecting, commenting on, and/or displaying images including but not limited to Plaintiff's Photograph.

44.     Upon information and belief, the Photograph was willfully and volitionally posted to the Account by Defendant.

45.     Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which forms the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

46.     Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

47.     Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Account.

48.     Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Account and exercised and/or had the right and ability to exercise such right.

49.     Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

50.     Upon information and belief, the Infringement increased traffic to the Account and, in turn, caused Defendant to realize an increase in its business revenues.

51.     Upon information and belief, a large number of people have viewed the unlawful copy of the Photograph on the Account.

52.     Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

53.     Defendant's use of the Photograph harmed the actual market for the Photograph.

54.     Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

55. Defendant's unauthorized use usurps the market for licensed uses of the Photograph and undermines Plaintiff's ability to license his work to other commercial entities.

56. On April 19, 2024, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

57. On March 11, 2025, Plaintiff, via counsel, served a second letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

58. Despite Plaintiff's efforts and willingness to address Defendant's infringing activity, the parties failed to resolve the instant matter, and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

59. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

### FIRST COUNT
***(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)***

60. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

61. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

62. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

63. Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

64. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

65.    Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

66.    Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority, by using it on the Account.

67.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

68.    As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

69.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

<b><u>JURY DEMAND</u></b>

70.    Plaintiff hereby demands a trial of this action by jury.

<b><u>PRAYER FOR RELIEF</u></b>

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a.    finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

8

b.     for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.     for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d.     for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e.     for pre-judgment interest as permitted by law; and

f.     for any other relief the Court deems just and proper.

DATED: July 1, 2026

**SANDERS LAW GROUP**

By:    */s/ Craig Sanders*
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 129882

*Attorneys for Plaintiff*